UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| TONY ANTHONY DAY, | ) | Civ. 12-4001-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING |
| | ) | § 2255 MOTION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Tony Day, filed a pro se motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. Day is incarcerated at the Federal Correctional Institution in Terre Haute, Indiana. The United States opposes Day's motion. Because Day has not presented a cognizable claim, his § 2255 motion is dismissed.

Day also moves for leave to proceed in forma pauperis, for discovery, and for the appointment of counsel. These motions are denied as moot.

**FACTUAL BACKGROUND**

On October 13, 2009, Day and nine co-conspirators were charged with conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. CR 09-40118-09 Docket (CR Docket) 1. Day entered a plea of not guilty on October 29, 2009, and was detained. CR Docket 30, 39. On January 5, 2010, Day and eleven co-conspirators were charged in a superseding indictment with conspiracy to

distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. CR Docket 100. Pursuant to a plea agreement (CR Docket 292), Day pleaded guilty to the superseding indictment on November 29, 2010. CR Docket 296. The factual basis statement specified that Day and his fellow conspirators distributed or agreed to distribute 50 grams or more of a mixture or substance containing crack cocaine, an offense which, at the time, carried a mandatory minimum sentence of 10 years. CR Docket 292. The presentence report (PSR) attributed 270 grams of cocaine base to Day. PSR ¶ 7-39, 45.

At Day's sentencing hearing on April 4, 2011, the court calculated a total offense level of 27 and a criminal history category of VI, resulting in a guideline range of 130 to 162 months. CR Docket 339. The court imposed a below guideline range sentence and imposed the mandatory minimum sentence of 120 months' imprisonment, along with five years of supervised release. CR Docket 339.

On September 1, 2011, the court granted the government's Rule 35(b) motion on behalf of Day and entered an amended judgment imposing a sentence of 60 months' imprisonment and three years of supervised release. CR Docket 381.

Day did not appeal his sentence. On January 3, 2012, Day filed the present motion under § 2255. Day argues that, due to the Fair Sentencing Act of 2010 (FSA), he was unfairly sentenced. The FSA, which was signed into law

on August 3, 2010, reduced disparities in sentencing that resulted from the existing 100:1 ratio between the quantities of crack and powder cocaine needed to trigger higher sentencing ranges under the federal drug statutes. For example, the FSA increased the threshold amount of crack cocaine required for a ten-year mandatory minimum sentence from 50 grams to 280 grams. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii), 960(b)(1)(C).

## DISCUSSION

**I.   Day's Sentence Is Not Illegal.**

A § 2255 motion is the "statutory analog of habeas corpus for persons in federal custody." *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987). A federal prisoner may seek relief from his sentence on the grounds that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence," or (3) "that the sentence was otherwise subject to collateral attack." 28 U.S.C. § 2255. Neither jurisdictional nor constitutional errors are at issue here. Beyond that, "the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited: 'an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.' " *Sun Bear v. United States*, 644 F.3d 700, 704 (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

In *Sun Bear*, the Eighth Circuit Court of Appeals noted that ordinary questions of guideline interpretation "falling short of the miscarriage of justice standard do not present a proper section 2255 claim." *Id. See also Auman v. United States,* 67 F.3d 157, 161 (8th Cir. 1995) (same). The United States argues that the application of *Sun Bear* to Day's case leads to the conclusion that Day's sentencing argument is not cognizable because his current sentence is not illegal. The United States notes that Day's claim is also procedurally defaulted because he did not raise it on appeal, but the United States is exercising its discretion not to assert that particular defense in this case.

In the alternative, even if Day had a cognizable claim, he still would not succeed on the claim. While the FSA raised the amount of cocaine base necessary to impose a mandatory minimum sentence, the Eighth Circuit Court of Appeals has held that the new mandatory minimums established in the FSA cannot be applied retroactively. *United States v. Sidney,* 648 F.3d 904, 908 (8th Cir. 2011). Because the FSA cannot be applied retroactively, Day's sentence is not an illegal sentence.

II. **Day is Not Entitled to an Evidentiary Hearing.**

Section 2255 provides that: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney,

4

grant prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." But "[n]o evidentiary hearing is required when the 'allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Brown v. United States*, 178 Fed. App'x 590, 591 (8th Cir. 2006) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Because the record in this case establishes that Day's sentence is legal, Day is not entitled to an evidentiary hearing on his claim that his sentence is illegal due to the FSA.

### III. Day's Other Motions Are Moot.

Day also moves for leave to proceed in forma pauperis. Because there is no filing fee for a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, Day's motion for leave to proceed in forma pauperis is denied as moot.

Day next moves for discovery. The United States opposed this motion because Day did not make a showing of good cause and because Day did not present a cognizable claim. Because the United States' request that Day's motion be dismissed is granted, Day's motion for discovery is denied as moot.

Day's final motion seeks court-appointed counsel. Because Day's § 2255 motion is dismissed, Day's motion for court-appointed counsel is denied as moot. Therefore, it is

ORDERED that Day's motion to vacate, set aside, or correct his sentence (Docket 1) is dismissed.

IT IS FURTHER ORDERED that Day's motion for leave to proceed in forma pauperis (Docket 6), Day's motion for discovery (Docket 8), and his motion to appoint counsel (Docket 14) are denied as moot.

IT IS FURTHER ORDERED that Day is notified that **he may not appeal the denial of his § 2255 motion unless he receives a certificate of appealability from this court.** In order to receive a certificate of appealability, Day is required to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that, pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, **Day will have 21 days to submit arguments on whether a certificate of appealability should issue. Day is directed to <u>identify the issues</u> for which he seeks a certificate of appealability. Respondent will have 14 days to respond to Day's arguments**.

Dated April 13, 2012.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        CHIEF JUDGE